## Commonwealth v. Urban.

*Criminal law—Non-support—Dismissal of action—New action—Practice, Q. S.*

Where a proceeding for non-support was dismissed without being fully heard because of the pendency of a divorce action between the parties, and subsequently the application for divorce was withdrawn by the libellant husband, the court, in order to obviate any possible suggestion of injustice, will permit a new action for non-support to be heard on its merits.

Non-support.  Q. S. Berks Co., March Sess., 1923, No. 219.

*Joseph R. Dickinson* and *Lee Friday*, for Commonwealth.

*John P. Wanner*, for defendant.

ENDLICH, P. J., June 11, 1923.—This record is in an unsatisfactory condition, which has been but slightly helped by the depositions taken and filed by the parties.  A proceeding for divorce on the ground of adultery was instituted on Nov. 9, 1922, by Carl Urban, the husband, against Marie Urban, the wife.  On Nov. 21, 1922, an answer was put in by the latter, and an application made by her for counsel fees, upon which a rule to show cause was granted.  A proceeding in the Quarter Sessions for non-support having been instituted by the wife against the husband to No. 113, December Sessions, 1922, it was called for hearing on Nov. 25, 1922.  It appears that when the case was called, neither the prosecutrix nor any witnesses in her behalf were heard, though the defendant offered testimony tending to show that the prosecutrix had committed adultery, and the proceeding was dismissed.  Subsequently, on Nov. 28, 1922, a petition for alimony *pendente lite* was presented and a rule granted by the court.  On Dec. 15, 1922, the application for a divorce was marked on the record as withdrawn by the libellant's counsel, and the rules for counsel fees and alimony were discharged by the court on Feb. 5, 1923.  A prosecution was instituted in the Quarter Sessions against the wife to No. 207, December Sessions, 1922, for adultery, on which charge she was tried at March Sessions, 1923, and acquitted.  Thereupon a new proceeding for non-support was started to No. 219, March Sessions, 1923, which is now brought forward in behalf of the wife.  It being matter of grave doubt whether the first non-support case was fully heard on its merits, in view of the pendency of the divorce action between the parties, it is deemed best, in order to obviate any possible suggestion of injustice, to let the proceeding now under consideration be brought to a hearing and final disposition in the usual and regular way.

The proceeding to No. 219, March Sessions, 1923, is directed to be brought to a hearing on its merits.

From Wellington M. Bertolet, Reading, Pa.